# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH WHITE, | ) | 1:11-cv-01835 LJO GSA PC |
| | ) | |
| Plaintiff, | ) | FINDING AND RECOMMENDATION |
| | ) | THAT THIS ACTION BE DISMISSED |
| v. | ) | FOR FAILURE TO STATE A CLAIM |
| | ) | UPON WHICH RELIEF COULD BE |
| | ) | GRANTED |
| D. VAN LEER, et al., | ) | |
| | ) | OBJECTIONS DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran. Plaintiff claims that his ability to freely exercise his religious belief is being infringed upon in violation of the First Amendment.

### B.     Free Exercise

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987)(per curiam)(citations omitted); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). In order to implicate the Free Exercise Clause, the prisoner's belief must be both sincerely held and rooted in religious belief. Shakur, 514 F.3d at 885.

///

C.     **RLUIPA**[1]

The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).  If Plaintiff meets his burden, Defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interests."  Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."  Id.

Plaintiff alleges that, as a Muslim inmate, his religious tradition mandates that he follow certain dietary requirements.  Plaintiff alleges that the prison is not complying with the requirement that Muslim inmates who so desire be provided with Halal meals.  Specifically, Plaintiff is challenging the practice at Corcoran that provides Muslim inmates with Halal meals at dinner, and a vegetarian substitute for breakfast and lunch.  Plaintiff requested to receive a Kosher Jewish meal for his evening meal instead of the approved vegetarian substitute.  Plaintiff's request was denied.

Plaintiff attaches as an exhibit to his complaint a copy of the inmate grievance he filed regarding his request.[2]  The issue in the grievance was the Religious Meal Alternative Program

---

[1] Plaintiff's omission of a citation to the RLUIPA in his complaint does not foreclose him from pursuing claims under the RLUIPA where his factual allegations are sufficient to have presented a claim under the RLUIPA so as to have amounted to "fair notice" of that claim, even though the statute was not cited in the complaint itself.  Alvarez v. Hill, 518 F.3d 1152, 1159 (9th Cir. 2008).

(RMAP). Plaintiff contended that "the three religions, Christianity, Judaism and Islam are the same and therefore an inmate of any of these three faiths should be allowed to choose any religious diet offered by the institution." Plaintiff requested that Muslim participants in the RMAP be allowed to choose between the Kosher meal and other meals in the religious diet program. The response at the Second Level follows:

The reviewer advised the appellant that Muslim inmates do have a choice of diets to choose from as part of the Religious Diet Program. The appellant was advised the choices available to Muslim inmates consisted of the Halal RMAP or the vegetarian meal. The reviewer advised the appellant that pursuant to California Code of Regulations, Title 15, Section (CCR) 3054.2(a), the institution's Jewish Chaplain is required to determine that an applicant for the Jewish Kosher diet is in fact Jewish. As he has identified himself as a Muslim, he is therefore not Jewish and he cannot be certified as being eligible for the Jewish Kosher diet. The reviewer advised the appellant that his premise that the three religions have the same religious dietary requirements is incorrect. The reviewer advised the appellant the Halal standards are directed to ensure consistency throughout the department.

There are no facts alleged indicating that the vegetarian substitute meal does not comply with Halal requirements, or in any way prohibits Plaintiff from the free exercise of his religious beliefs. Because Plaintiff has not alleged any facts indicating that the free exercise of his religious belief has been infringed upon, he has not stated a claim for relief under section 1983.

### III.     Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from the denial of his request to receive Kosher Jewish meals instead of the vegetarian alternative to Muslim Halal meals at breakfast and lunch. The requirement that Plaintiff receive a vegetarian alternative meal does not violate the First Amendment or RLUIPA.

---

[2] **Error! Main Document Only.**The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2013**                             **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE